IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ignatzio Giuliano, ) | |
| ) | C/A No. 6:13-311-MBS-KFM |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Ignatzio Giuliano ("Petitioner") is a federal prisoner at Federal Correctional Institution Williamsburg ("FCI Williamsburg").[1] Petitioner was found guilty of engaging in a drug conspiracy in violation of 21 U.S.C. § 846 on July 2, 1991, in the United States District Court for the Middle District of Florida and was sentenced, on November 4, 1991, to a term of life imprisonment. Petition, ECF No. 1, p. 1. Petitioner's sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit. Petition, ECF No. 1, p. 2. *See also United States v. Giuliano*, 11 F.3d 165 (Table) (11th Cir. 1993). Petitioner indicates that he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the sentencing court, which was denied. Petition, ECF No. 1, p. 3. *See also United States v. Middleton, et al.*, Cr. No. 3:89-202-HES-TEM-7 (M.D.Fla.). Petitioner also previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on September 24, 2010, which was dismissed without prejudice by this Court, on November 8, 2010, in *Giuliano v. Warden, FCI Williamsburg*, C/A No. 6:10-2485-MBS-KFM (D.S.C.). This Court's judgment in Petitioner's previous habeas case was affirmed by the United

---

[1] It is noted that Petitioner's name is listed as Ignatizo Giuliano by the Federal Bureau of Prisons and on many of Petitioner's court documents from the United States District Court for the Middle District of Florida.

States Court of Appeals for the Fourth Circuit on March 9, 2011. *See* C/A No. 10-2485, ECF No. 27, 28.[2]

Petitioner now invokes 28 U.S.C. § 2241 again, asking that "his sentence be vacated and that he be re-sentenced without the career offender enhancement and without the 21 U.S.C. § 851 enhancement provision's being applied and with any other benefits or reductions to which, as a result, he may be entitled." Petition, ECF No. 1-1, p. 15. Petitioner states that the instant Petition "deals with actual, factual and legal innocence of a sentence enhancement provision," Petition, ECF No. 1, p. 5, and alleges that Petitioner "is factually, actually, facially and legally innocent of being a career offender under both the United States Sentencing Guidelines and *United States v. Johnson*, 130 S.Ct. 1265, *Chambers v. United States*, 12[9] S.Ct. [687], and *United States v. Begay*, 128 S.Ct. 1581." Petition, ECF No. 1, p. 6. Petitioner alleges that, previously, he "was 'foreclosed' by circuit and Supreme Court law to raise the claims of actual innocence." Petition, ECF No. 1, p. 7.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition. This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted

---

[2] The undersigned takes judicial notice of Petitioner's prior proceeding in this Court. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 habeas petitions pursuant to Rule 1(b) of the Rules). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing in the instant Petition. The fact that Petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it. As the Fourth Circuit has noted, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

4

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4 Cir.2000). In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34.

In the instant action, Petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal. Instead, Petitioner alleges that his sentence, as a career offender, was based on his two prior Florida drug convictions from 1979, which are non-violent offenses and non-qualifying predicate drug offenses for purposes of sentence enhancement under 28 U.S.C. § 851. Petitioner alleges "[t]hese two 1979 prior State of Florida drug convictions do not qualify, nor have they ever qualified for career offender enhancement purposes either under USSG 4B1.1; 4B1.1(a)(3) and 4B1.2(c)(2) respectfully." Petition, ECF No. 1-1, p. 7. Petitioner alleges that the 1984 amendment to 21 U.S.C. § 962, which permitted prior federal, state, and foreign drug convictions to be used for enhanced sentencing of repeat drug offenders convicted of violating 21 U.S.C. § 960, was enacted "a full seven years after the Petitioner's state convictions became final and its application also invokes 'ex post facto' implications." Petition, ECF No. 1-1, p. 9. Petitioner alleges that his prior convictions were for simple

5

possession, not for possession with intent to distribute, and, therefore, Petitioner's prior offenses do not qualify as a controlled substance offense under the United States Sentencing Guidelines, and "none of the Petitioner's state of Florida prior drug convictions are qualifying as serious drug offenses according to *Johnson*, *Begay*, and *Chambers*." Petition, ECF No. 1-1, p. 9-10.

Petitioner alleges that his "claims of *Johnson*, *Begay*, and *Chambers*, are based upon retroactivity applicable to Supreme Court decisions and these holdings by the United States Supreme Court established Petitioner was and has been convicted upon a non-existent offense, upon which, Circuit law squarely foreclosed such claims at the time they otherwise should have been raised in the trial court, direct appeal, first section § 2255 and or previous filed Section § 2241 Petition." Petition, ECF No. 1-1. P. 13-14.  Petitioner alleges that his "sentence is a manifest injustice, a fundamental defect, and a miscarriage of justice, thereby violating the Petitioner's Fifth Amendment right to due process of law and Petitioner's Eighth Amendment right to cruel and unusual punishment, simply put, it is cruel to sentence a man to life based upon a non existent offense and quite unusual to do so." *Id.*  Thus, Petitioner alleges that the savings clause should be invoked, because he is "actually innocent" of a sentence enhancement.

This Court lacks subject matter jurisdiction over the instant Petition because Petitioner cannot satisfy the savings clause of § 2255.  Here, Petitioner is challenging the legality of his sentence, and "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see*

*also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) (stating, where the petitioner argued he was "actually innocent" of being a career offender when carrying a concealed firearm was no longer a crime of violence, "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h).  Not one circuit has held to the contrary.").

Further, Petitioner has failed to demonstrate a change in the substantive law such that the conduct of which he was convicted is no longer deemed criminal. *See Jones*, 226 F.3d at 333-34. *See also Riddle v. Mitchell*, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010 ) (finding improper a § 2241 claim, which contended that the petitioner's enhancement for failure to stop for a blue light no longer qualified as a violent offense).  *Cf. United States v. Williams*, 09-7617, 2010 WL 3760015 (4th Cir. Sept. 24, 2010) (finding prisoner actually innocent of being an armed career criminal in an appeal of an order denying § 2255 relief); *United States v. Maybeck*, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).  Consequently, the

instant § 2241 Petition fails to satisfy the requirements of the "savings clause" of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition must be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the instant case be summarily dismissed, without prejudice and without requiring the respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

April 11, 2013                                    s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).