IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ignatzio Giuliano, | ) | C/A No. 6:13-311-MBS-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Ignatzio Giuliano is an inmate in custody of the Federal Bureau of Prisons who currently is incarcerated at FCI Williamsburg in Salters, South Carolina. On February 5, 2013, Petitioner, proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that under recent Supreme Court authority he is now "actually innocent" of being a career offender. ECF No. 1-1 at 7. The within matter was referred to United States Magistrate Judge Kevin F. McDonald who, on April 11, 2013, issued a Report and Recommendation in which he recommended summary dismissal of Petitioner's § 2241 petition. ECF No. 8. Petitioner filed objections to the Report and Recommendation on April 22, 2013, ECF No. 11, which objections are before the court.[1]

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted of participation in a drug conspiracy in violation of 21 U.S.C. §§ 841 & 846, on July 2, 1991. ECF No. 1-1 at 2. On November 4, 1991, in the United States District Court for the Middle District of Florida, Petitioner was sentenced to a term of life

---

[1] Petitioner filed a document on May 15, 2013, ECF No. 13., to supplement his objections, which document the court has considered.

imprisonment, which sentence, due to three prior state drug convictions identified in an information filed pursuant to 21 U.S.C. § 851, the court determined was mandatory. *Id.* at 2-4. Petitioner's sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit. *Id.* at 4; *U.S. v. Giuliano*, 11 F.3d 165(11th Cir. 1993) (unpublished table decision). Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court, which motion was denied. *Id.* at 2; *U.S. v. Middleton*, Cr. No. 3:89–202–HES–TEM–7 (M.D.Fla.). On September 24, 2010, Petitioner filed a § 2241 petition, which this court denied on November 8, 2010. *Giuliano v. Warden, FCI Williamsburg*, C/A No. 6:10-2485, 2010 WL 4637771 (D.S.C. Nov. 8, 2012).

## II.  STANDARD OF REVIEW

### A.  *The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  *Pro Se Habeas Petition*

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975)*; see*

*also Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Petitioner contends that the sentencing court should not have sentenced him as a career offender based on his prior drug convictions, as those convictions are "non-violent, non-qualifying predicate offenses under current law." ECF No. 1-1 at 6. Thus, Petitioner asserts he is "actually innocent of being a Career Offender." *Id.* Petitioner concedes that, in order to obtain relief through § 2241, he must demonstrate that his petition comports with the "savings clause" requirements of 28 U.S.C. § 2255(e).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). However § 2255 contains a "savings clause" that permits a federal prisoner to proceed under § 2241 when a motion under § 2255 would prove "inadequate and ineffective to test the legality of . . . detention." 28 U.S.C. § 2255. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 266 F.3d at 333. In the Fourth Circuit, a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention when the following three criteria are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

3

>> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. In *United States v. Poole*, the Fourth Circuit held that a petitioner may not obtain relief under § 2241 by way of the savings clause if the challenge is to the legality of the sentence imposed, rather than the conviction itself. 531 F.3d 263, 267 (4th Cir. 2008); *see Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. Apr. 29, 2011) (unpublished).

The Magistrate Judge recommended summary dismissal of Petitioner's § 2241 petition. ECF No. 8. The Magistrate Judge determined that the court lacks jurisdiction over the petition because it does not fall within the § 2255 savings clause. Citing *Poole*, the court found that Petitioner's reliance on the savings clause is unavailing as he is challenging the legality of his sentence and not that he was convicted. ECF No. 8 at 6-7. In addition, the Magistrate Judge found that Petitioner failed to demonstrate a change in the substantive law such that the conduct of which he was convicted is no longer criminal. *Id.* at 7.

Petitioner has filed objections to the Magistrate Judge's Report and Recommendation that rehash the arguments he made in support of his original petition, but do not direct the court to a specific error in the Magistrate Judge's analysis. Nevertheless, the court has reviewed the Magistrate Judge's Report and Recommendation and finds the analysis sound. Petitioner has not made a showing that his conviction was illegal, nor does he argue that the conduct underlying his convictions for the predicate offenses that resulted in his enhanced sentence have been deemed noncriminal by a subsequent change in state law. Instead, Petitioner argues that his predicate drug

convictions do not justify the mandatory life sentence imposed. A § 2241 petition based on such an argument does not fall within the § 2255 savings clause. *See Poole*, 531 F.3d at 267.

Accordingly, the court agrees with the Magistrate Judge's recommendation.

### IV.  CONCLUSION

The court has thoroughly reviewed the record. For the reasons stated, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Petitioner's § 2241 petition is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 6, 2013